UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
AMEROPA AG, :
 :
               Plaintiff, :    10 Civ. 3240 (TPG)
 :
    – against – :    **OPINION**
 :
HAVI OCEAN CO. LLC, :
 :
               Defendant. :
 :
------------------------------------------------x

      Plaintiff, Ameropa AG, brings this action seeking to enforce a foreign arbitral award and a foreign money judgment. Plaintiff has filed a motion to carry out the purpose of this action. Defendant, Havi Ocean Company LLC, opposes the motion on the grounds that such enforcement would violate United States and New York public policy. Defendant has filed a motion to compel nonparty Ameropa North America, Inc. to submit to discovery so that defendant may seek support for its public policy defenses.

      Plaintiff's motion is granted. Defendant's motion is denied.

## FACTS

      Plaintiff is a Swiss company involved in the trading of commodities. One of these commodities is sulfuric acid. Plaintiff has a U.S. subsidiary, Ameropa North America, Inc., with offices in Tampa, Florida, and Columbia, Missouri. Defendant is a United Arab Emirates company

also involved in the trading of commodities, including sulfuric acid. On August 2, 2007, the parties entered into a contract whereby plaintiff agreed to buy and defendant agreed to sell 18,000 metric tons of sulfuric acid, in two lots of 9,000 metric tons each. The source of the sulfuric acid was Iran and the ultimate destination of the sulfuric acid was Venezuela.

At all relevant times, the U.S. had in place a sanctions regime against Iran prohibiting virtually all facilitation of trade by U.S. persons involving goods of Iranian origin. See Exec. Order No. 13,059 (Aug. 19, 1997). Violation of these sanctions would be a serious crime, punishable by up to 20 years in prison. 31 C.F.R. § 560.701(a)(2). Clearly, the U.S. has a national policy to discourage trade with Iran.

Defendant breached the sulfuric acid contract by only delivering one of the two 9,000 metric ton lots. Pursuant to an arbitration clause contained in the contract, plaintiff proceeded against defendant in the Arbitration Tribunal of the Chamber of Commerce of Hamburg, in Hamburg, Germany. On May 25, 2009, the tribunal ruled in favor of plaintiff and ordered defendant to pay plaintiff €720,216.03. Interest to date has increased the total to over €850,000. Defendant unsuccessfully appealed the tribunal's award and, as a result, plaintiff was awarded a separate judgment of €17,166.17 in attorney's fees for its successful defense of those appeals, and plaintiff has a judgment for this amount.

Plaintiff has so far been unsuccessful in its efforts to enforce the awarded judgment in defendant's home jurisdiction of Dubai, United Arab Emirates.  Plaintiff is now resorting to the U.S., and seeks in this action to begin that process by moving to have the arbitral award confirmed pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 207, which codified the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention").  21 U.S.T. 2517 (entered into force Dec. 29, 1970).  Plaintiff also moves to have the money judgment for attorney's fees recognized and enforced in New York under the Uniform Foreign Money Judgment Recognition Act ("UFMJRA"), N.Y. C.P.L.R. § 5303.

Defendant claims that the arbitral award and the money judgment may be unenforceable as against U.S. and New York public policy, respectively, because employees from plaintiff's U.S. subsidiary, Ameropa North America, Inc., *may* have been involved in the sulfuric acid transaction, thereby running afoul of the U.S. sanction regime against Iran, which, as discussed above, prohibits most facilitation of trade with Iran by U.S. persons.  Defendant asserts that if this is the case, allowing plaintiff to collect on judgments that had their origin in a violation of U.S. sanctions against Iran would be contrary to U.S. and New York public policy.

Defendant offers no basis for its suggestion that employees of Ameropa North America, Inc. may have been involved in the sulfuric acid

transaction, but instead seeks, through its motion, to compel Ameropa North America, Inc., a non-party, to submit to discovery so that defendant may determine if its accusations have any foundation.

Plaintiff opposes defendant's motion to compel discovery, claiming that such discovery is improper in an enforcement proceeding and that, regardless, the violations claimed by defendant would not support a public policy exception to recognition of the arbitral award or the money judgment.

## DISCUSSION

The FAA

For exceptions to enforcement, the FAA refers to "grounds for refusal . . . specified in the . . . Convention."  9 U.S.C. § 207.  Article V of the Convention, in turn, states:

> Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that . . . [t]he recognition or enforcement of the award would be contrary to the public policy of that country.

21 U.S.T. 2517, Art. V, §§ 1, 2(b).

While the Convention lists no specifics as to what "contrary to the public policy of that country" may mean, there is a wealth of case law applying the exception.  These cases uniformly begin with the proposition that given the strong public policy in favor of international arbitration, review of arbitral awards under the Convention is very limited in order to avoid undermining the twin goals of arbitration, namely, settling

disputes efficiently and avoiding long and expensive litigation. Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc., 403 F.3d 85, 90 (2d Cir. 2005).  As to the public policy exception generally, it is granted "only where enforcement would violate the forum state's *most basic notions of morality and justice*."  Parsons & Whittemore Overseas Co., Inc. v. Societe Generale De L'Industrie Du Papier, 508 F.2d 969, 974 (2d Cir. 1974) (emphasis added).

Enforcement would violate this country's "most basic notions of morality and justice" if the defendant's due process rights had been violated--for example, if defendant had been subject to coercion or any part of the agreement had been the result of duress.  See Transmarine Seaways Corp. of Monrovia v. Marc Rich & Co. A.G., 480 F. Supp. 352, 358 (S.D.N.Y. 1979).   Admittedly, nothing of this kind occurred in the present case.  In fact, defendant does not dispute that it owes the judgment amounts to plaintiff; defendant instead seeks to avoid its responsibility by invoking U.S. foreign policy concerns.  But "public policy" and "national policy" are not synonymous. Belship Navigation, Inc. v. Sealift, Inc., No. 95cv2748, 1995 WL 447656 at *6 (S.D.N.Y July 28, 1995) (enforcing arbitral award despite conflict with U.S. foreign policy toward Cuba).  Foreign policy disputes with another country are not enough to overcome the "supranational" policy of providing predictable enforcement of international arbitral awards.  Parsons, 508 F.2d at 974.  This is true even when enforcement would conflict with

U.S. sanctions. See National Oil Corp. v. Libyan Sun Oil Co., 733 F. Supp. 800, 819-20 (D. Del. 1990).

In any event, plaintiff is a Swiss company and not subject to U.S. sanctions. Its U.S. subsidiary was not a party to the contract in question and did not obtain the arbitral award or the judgment arising from the appeal of that award. All that is alleged about the U.S. subsidiary is that it may have been involved in the transaction, and nothing of substance is alleged to support that suggestion. Nonetheless, defendant seeks discovery from the U.S. subsidiary in support of this suggestion.

The court is unwilling to order discovery where so little substance is shown regarding the conduct of the subsidiary. Moreover, the court concludes that such discovery would serve no purpose because, even if some involvement of the subsidiary could be demonstrated, this would not defeat the enforcement of the arbitral award under the FAA.

The UFMJRA

The UFMJRA has a public policy exception similar to that of the FAA, codified at N.Y. C.P.L.R. § 5304(b)(4), although it has been noted that New York courts are even more "generous" in recognizing foreign judgments than was contemplated by the UFMJRA. Ackerman v. Ackerman, 517 F. Supp. 614, 624 (S.D.N.Y. 1981). New York courts have interpreted the public policy exception very narrowly, following Judge Cardozo's articulation that such an exception operates only when "some fundamental principle of justice" is at stake, "some prevalent

conception of good morals, some deep-rooted tradition of the common weal." Loucks v. Standard Oil Co., 224 N.Y. 99, 111 (1918).

This exception is focused on the underlying "cause of action on which the judgment is based," rather than on any effect enforcement of judgment may have. § 5304(b)(4); see, e.g., Bachchan v. India Abroad Publications Inc., 585 N.Y.S.2d 661 (Sup. Ct. 1992) (refusing to recognize judgment based on English libel cause of action that conflicted with First Amendment). The money judgment that plaintiff seeks to have recognized arises from enforcement proceedings and has nothing to do with the terms of the underlying contract. Thus, the alleged violation of U.S. sanctions by nonparty Ameropa North America, Inc., even if proven, would be irrelevant to the recognition of plaintiff's foreign money judgment. Furthermore, even if it could be said that the proper underlying cause of action involved the Iranian sulfuric acid transaction, a potential violation of U.S. sanctions would not rise to the high level needed to constitute a violation of New York public policy.

The judgment of €17,166.17 is valid and not contravened by any public policy exception. No discovery of the Ameropa North America, Inc. is appropriate.

## CONCLUSION

Plaintiffs' motion to confirm and enforce the arbitration award and the money judgment is granted. Defendant's motion to compel discovery is denied.

- 8 -

This resolves the motions listed as documents 6 and 12 in this case.

SO ORDERED.

Dated: New York, New York
February 16, 2011

_____
Thomas P. Griesa
U.S.D.J.